GULOTTA, Judge,
dissenting.
I respectfully dissent from the writ grant by the majority in this case.
The effect of the writ grant is to take away from the trial judge the control of his docket and the exercise of his discretion when pretrial motions are simply untimely filed, or, in some cases, obviously filed for the purpose of obtaining a delay or a continuance.
My consideration of the writ application, the response and the oral reasons of the trial judge contained in the response, leads me to conclude that the trial judge properly denied relator’s motion and did not in any way abuse his discretion. Furthermore, the trial judge’s observation that the subpoena duces tecum seeks information from a document based upon a vague Legislative act is correct. (See my concurrence in writ application K-3449).
In connection with that part of the writ grant ordering the State to respond to the application for bill of particulars, it is my understanding from the writ application, and the District Attorney’s response, that answers to the motion for bill of particulars were filed by the State. If those answers were not satisfactory, defendant had a right to compel answers or to traverse those answers.
Considering all of the above, I am of the opinion that it behooves a reviewing court to zealously guard against interference *797 with the orderly conduct of the proceedings in the trial court, unless there is a clear abuse of discretion or compelling reasons. I find neither in this case.
I would deny the writ application and recall the stay order.